IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES L. GLOVER** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **DANIEL OUTLAW, Police Commissioner** | : | |
| **Agency Head, PHILADELPHIA POLICE** | : | |
| **DEPARTMENT, OFFICER MOFFA** | : | |
| **NICHOLES and SHERMAN ANTHONY,** | : | |
| **And Other Officers Involved Except** | : | |
| **Supervising Officer Pending Review** | : | |
| **Of Facts** | : | NO. 23-2058 |

## MEMORANDUM

**Savage, J.**                                                                              **October 31, 2023**

Plaintiff James L. Glover, acting *pro se*, filed a civil rights complaint asserting violations of his rights under the United States Constitution and the Pennsylvania Constitution.[1]  The claims arise from two incidents in which the Philadelphia police allegedly stopped and searched him, and seized his firearm.  Glover names the Philadelphia Police Commissioner Danielle (misspelled "Daniel") Outlaw, the Philadelphia Police Department, and Philadelphia Police Officers Moffa Nicholas, Sherman Anthony, and Oleyn as defendants.[2]

Glover seeks leave to proceed *in forma pauperis*.[3]  Because it appears that he is not capable of paying the fees to commence this civil action, we shall grant him leave to proceed *in forma pauperis*.  For the following reasons, we shall dismiss his claims based

---

[1] Compl. 1, ECF No. 2 ["Compl"]. Glover filed two additional actions at the same time he filed the instant action.  *See Glover v. Fidaand, et al.*, No. 2:23-cv-2056 (E.D. Pa. filed May 27, 2023) and *Glover v. Outlaw, et al.*, No. 2:23-cv-2057 (E.D. Pa. filed May 27, 2023).

[2] Compl. 1. Defendant Oleyn is identified in the body of the Complaint but not named in the caption. Defendant Nicholas is identified as "Officer Moffa Nicholas" in the caption and body of the Complaint, but is identified as "Office Moffa Nicholes" on the docket.

[3] *See* Mot. for Leave to Proceed *in Forma Pauperis*, ECF No. 5.

on the Pennsylvania Constitution and his claims against the Philadelphia Police Department with prejudice, and dismiss the remainder of his Complaint with leave to amend.

### Factual Allegations[4]

In a five-sentence statement of facts, Glover describes in broad terms two separate incidents. The first occurred on June 7, 2021 in Philadelphia.[5] Glover alleges that an unspecified defendant conducted a warrantless search without probable cause and confiscated his firearm during the search.[6] Glover further alleges that unidentified officers detained him for more than 20 minutes.[7] They also commenced a criminal investigation that Glover appears to allege ultimately resulted in a hearing before the Honorable Joshua Roberts.[8]

The second incident occurred on the morning of September 3, 2021 in Philadelphia.[9] Glover does not provide any facts other than broadly alleging that it involved the use of excessive force and resulted in a violation of his Fourth Amendment rights.[10]

Glover asserts violations of his Second and Fourth Amendment rights, violation of his rights under the Pennsylvania Constitution, and injury resulting from excessive force.[11]

---

[4] The allegations set forth in this Memorandum are taken from Glover's Complaint.

[5] Compl. 1.

[6] *Id.* at 1–2.

[7] *Id.* at 2.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

He claims that he has suffered emotional distress and reputational damage.[12]  He seeks an award of money damages and unspecified injunctive relief.[13]

## Standard of Review

Because the plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies.  We must screen the Complaint and dismiss it if it fails to state a claim upon which relief may be granted.

In determining whether a complaint fails to state a claim under section 1915(e), a court applies the same standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  All well-pleaded allegations are accepted as true and viewed in the light most favorable to the plaintiff.  *Powell v. Weiss*, 757 F.3d 338, 341 (3d Cir. 2014).  Additionally, the *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists.  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Although this standard "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

---

[12] *Id.*

[13] *Id.*

To survive screening, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 557). With these standards in mind, we shall accept as true the facts as they appear in Glover's Complaint and draw all possible inferences from those facts in his favor.

## Discussion

Only persons can be sued under section 1983. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . shall be liable to the party injured in an action at law." 42 U.S.C. § 1983.

A police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a subdivision of its municipality. *Martin v. Red Lion Police Dep't*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (per curiam); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir. 1988)) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability."). Therefore, we shall dismiss Glover's claims against the Philadelphia Police Department.

We shall also dismiss Glover's claims arising under the Pennsylvania Constitution with prejudice. There is no private right of action for damages under the Pennsylvania Constitution. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019); *Pocono*

*Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011).

Having dismissed Glover's claims against the Philadelphia Police Department and claims arising under the Pennsylvania Constitution, we turn to his remaining claims against defendants Outlaw, Nicholas, Anthony, Oleyn and "other officers involved."

Glover's claims fail because they do not adequately describe the relevant who, what, where, when, and how that form the basis for his claims. As a result, we cannot discern what Glover alleges happened. In general, when presented with a *pro se* complaint, we must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affs.*, 165 F.3d 244, 248 (3d Cir. 1999). However, in this case we cannot determine the factual basis of the claims Glover seeks to bring with sufficient clarity to apply the relevant law. The Complaint does not provide enough information to put the individual defendants on "sufficient notice to prepare their defense" and to ensure "that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.,* No. CV 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. Proc. 8).

Glover's Complaint is deficient. He states the date and location of both incidents. As to the June 7, 2021 incident, Glover alleges only that defendants searched and detained him and seized his firearm. As to the incident on September 3, 2021, Glover alleges only that it involved excessive force. He does not describe the circumstances giving rise to either incident, nor does he identify which of the named defendants were involved. Glover provides no details explaining how defendants' conduct was impermissible under either the Second or the Fourth Amendment. Accordingly, Glover's claims against the individual defendants will be dismissed for failure to state a plausible

claim because they do not comply with Federal Rule of Civil Procedure 8. Glover will be permitted to amend these claims.

Recently, in *Wright v. United States*, the United State Court of Appeals for the Third Circuit affirmed the District Court's dismissal with prejudice of a *pro se* amended complaint because it failed to assert adequate factual allegations to put the named defendants on notice of the claims against them. No. 22-1164, 2023 WL 4540469, at *2 (3d Cir. July 14, 2023) (per curiam). Here, dismissal will be without prejudice to allow Glover to amend his Complaint.

## Conclusion

For the reasons stated, we shall grant Glover's motion for leave to proceed *in forma pauperis*, dismiss his claims based on the Pennsylvania Constitution and his claims against the Philadelphia Police Department with prejudice, and dismiss the remainder of his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Glover will be granted leave to amend his Complaint consistent with this memorandum. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 111 (3d Cir. 2002).